IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BAY POINTE TECHNOLOGY, LTD., ) <br> 2662 Brecksville Road ) <br> Richfield, Ohio 44286 ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> YRC INC. d/b/a YELLOW ) <br> TRANSPORTATION, INC. OR YRC ) <br> FREIGHT, ) <br> 10990 Roe Avenue ) <br> Overland Park, Kansas 66211 ) <br> ) <br> and ) <br> ) <br> YRC INC. d/b/a YELLOW ) <br> TRANSPORTATION, INC. OR YRC ) <br> FREIGHT ) <br> c/o Clay P. Graham ) <br> 3570 S. River Road ) <br> PO BOX 1585 ) <br> Zanesville, Ohio 43702 ) <br> ) <br> and ) <br> ) <br> YRC INC. d/b/a YELLOW ) <br> TRANSPORTATION, INC. OR YRC ) <br> FREIGHT ) <br> c/o CT CORPORATION ) <br> 4400 Easton Commons Way, Suite 125 ) <br> Columbus, Ohio 43219 ) <br> ) <br> and ) <br> ) <br> YRC INC. d/b/a YELLOW ) <br> TRANSPORTATION, INC. OR YRC ) <br> FREIGHT ) <br> c/o THE CORPORATION TRUST ) <br> COMPANY ) <br> Corporation Trust Center ) <br> 1209 Orange St. ) <br> Wilmington, Delaware 19801 ) <br> ) <br> Defendant. ) | CASE NO. <br><br> JUDGE <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> PLAINTIFF'S COMPLAINT <br> AGAINST DEFENDANT <br><br><br> (Jury Demand Endorsed Hereon) |

1

For its Complaint against Defendant YRC Inc., d/b/a Yellow Transportation, Inc. or YRC Freight ("YRC"), Plaintiff Bay Pointe Technology, Ltd. ("Bay Pointe") alleges, avers, and asserts as follows:

## NATURE OF ACTION

1. Bay Pointe brings this lawsuit under the Carmack Amendment to the Interstate Commerce Act, codified in 49 U.S.C. § 14706 ("Carmack Amendment"). Under the Carmack Amendment, a motor carrier is responsible to the shipper for the actual loss or injury to the property involved in interstate commerce transportation. Here, YRC, a commercial transportation company or motor carrier, is liable under the Carmack Amendment to Bay Pointe for the actual loss of Bay Pointe's computer equipment and products, such as laptops and ThinkPads ("Computer Products"), transported by YRC in interstate commerce for Bay Pointe as the shipper.

## PARTIES

2. Bay Pointe is an Ohio limited liability company with its principal place of business in Richfield, Ohio. Bay Pointe's business is providing information technology related products and services to its clients.

3. YRC is a Delaware corporation with its principal place of business in Overland Park, Kansas. YRC is a transportation company and motor carrier that commercially transports products in interstate commerce for compensation.

## JURISDICTION AND VENUE

4. In May and June of 2022, YRC entered into two separate bills of lading with Bay Pointe as the shipper to transport two shipments of the Computer Products from Portsmouth, New Hampshire to YRC's facility at 5250 Brecksville Road, Richfield, Ohio 44286 (the "YRC Richfield Facility") for delivery to AK Steel.

5. For each shipment, YRC lost Bay Pointe's Computer Products at the YRC Richfield Facility in Summit County, Ohio by negligently releasing the Computer Products to an unauthorized person not identified on the applicable bills of lading. Bay Pointe suffered its damages for the losses of the Computer Products at its principal place of business in Summit County, Ohio.

6. YRC regularly conducts business in Ohio, including, without limitation, at the YRC Richfield Facility in Summit County, Ohio. YRC is registered with the Ohio Secretary of State and has an agent for service of process in Ohio. This action arises from YRC transacting business in Ohio, contracting to supply services or goods in Ohio, causing tortious injury by its act and/or omission in Ohio, and having an interest in, using, or possessing real property in Ohio. Therefore, this Court has personal jurisdiction over YRC under O.R.C. § 2307.382(A)(1)-(3) and (8).

7. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331, because this case arises under the Carmack Amendment, which is a law of the United States.

8. Because the loss of the Computer Products by YRC occurred in Summit County, Ohio, and Bay Pointe suffered its damages in Summit County, Ohio, this Court is the proper venue for this action under 28 U.S.C. § 1391(b)(2). This Court also is the proper venue under 28 U.S.C. § 1391(b)(1). In addition, because the loss of the Computer Products by YRC and the resulting damage to Bay Pointe occurred in Summit County, Ohio, and YRC operates its business in Summit County, Ohio, this Court is the proper venue under 49 U.S.C. § 14706(d)(1)-(2).

FACTUAL BACKGROUND

9. In May and June of 2022, Bay Pointe purchased the Computer Products from Origin Micro, Inc. ("Origin Micro"). Pursuant to purchase orders issued by Bay Pointe to Origin Micro, Origin Micro arranged for YRC to transport the Computer Products from Portsmouth, New

Hampshire to Ohio for delivery to AK Steel. In addition, pursuant to the purchase orders, Bay Pointe acquired title to the Computer Products upon Origin Micro delivering them in good condition to YRC for shipment. Bay Pointe was the shipper for each shipment of the Computer Products.

10. On or about May 23, 2020, YRC transported the first shipment of Bay Pointe's Computer Products from Portsmouth, New Hampshire to the YRC Richfield Facility for compensation pursuant to a Bill of Lading (Freight PRO#: 535-389180-0) ("May 23rd Shipment"). A copy of the May 23rd Shipment's Bill of Lading is attached as Ex. A.

11. For the May 23rd Shipment, the Bill of Lading lists Bay Pointe as the shipper, YRC as the carrier, and AK Steel as the consignee. YRC and Bay Pointe have possession of this Bill of Lading.

12. On or about June 22, 2020, YRC transported the second shipment of Bay Pointe's Computer Products from Portsmouth, New Hampshire to the YRC Richfield Facility for compensation pursuant to a Bill of Lading (Freight PRO#: 887-770228-3) ("June 22nd Shipment" and together with the May 23rd Shipment, the "Shipments"). A copy of the Bill of Lading for the June 22nd Shipment is attached as Ex. B.

13. For the June 22nd Shipment, the Bill of Lading lists Bay Pointe as the shipper, YRC as the carrier, and the YRC Richfield Facility as the consignee for delivery to AK Steel. YRC and Bay Pointe have possession of this Bill of Lading.

14. Both Shipments involved interstate transportation by YRC for compensation.

15. For both Shipments, YRC wrongfully and negligently released Bay Pointe's Computer Products at the YRC Richfield Facility not to AK Steel but to an individual allegedly

4

named Zachary Tyler Amos Sr., who claimed to be from the Your Top Choice Movers Company. A copy of the May 23rd Delivery Receipt is attached as Ex. C.

16. YRC's May 23rd Delivery Receipt lists Bay Pointe as the shipper and AK Steel as the consignee and was allegedly signed by Mr. Amos as the recipient of the Computer Goods.

17. YRC's June 22nd Delivery Receipt lists Bay Pointe as the shipper and AK Steel as the consignee, states that the Computer Goods were to be held for customer pick up and was allegedly signed by Mr. Amos as the recipient of the Computer Goods. A copy of the June 22nd Delivery Receipt is attached as Ex. D.

18. Pursuant to the documentation for the Shipments, Mr. Amos and his company had absolutely no authority to receive and pick up the Computer Products and YRC had no authority to release the Computer Products to Mr. Amos and his company. Mr. Amos is not listed as authorized person or agent on the Bills of Lading. Neither Mr. Amos nor Your Top Choice Movers Company had any affiliation with Bay Pointe or AK Steel, and neither Bay Pointe nor AK Steel, at any point, authorized Mr. Amos or his company to pick up the Computer Products from the YRC Richfield Facility on their behalf or otherwise.

19. As a result of YRC's negligence, YRC improperly released the Computer Products from the Shipments at the YRC Richfield Facility to an unauthorized third party (Mr. Amos and his company) not named on the two applicable Bills of Lading, and the Computer Products have never been delivered to AK Steel or Bay Pointe. The Computer Products remain missing at the time of filing this Complaint.

20. Pursuant to the Carmack Amendment, Bay Pointe submitted on or about September 26, 2022 its claim to YRC for $395,871.00, the value of and Origin Micro's purchase price for, the lost Computer Products. A copy of the claim letter is attached as Ex. E.

21. On or about October 28, 2022, YRC responded to Bay Pointe's claim letter. YRC admitted liability for the lost Computer Products, but it agreed to pay Bay Pointe only $35,750.00 based upon alleged contractual limitations of liability. A copy of YRC's response is attached as Ex. F.

22. Despite repeated requests, YRC never provided Bay Pointe with a copy of the contract that YRC claimed contained the purported limitations of liability sought to be imposed on Bay Pointe's claim. Other than the Bills of Lading, Bay Pointe and YRC never entered into any written agreement relating to the Shipments or the Computer Products, let alone a written agreement that purports to limit YRC's liability for losing the Computer Products.

23. In its follow-up response, YRC also quoted the Rules Tariff published on its website and then implied that the Rules Tariff effectively limits YRC's liability for its negligence in losing the Computer Products. But neither of the Bills of Lading governing the Shipments nor the Delivery Receipts contain any contractual limitations of liability, quote any Rules Tariff that limit YRC's liability, reference YRC's website where the alleged Rules Tariff can be found, or state Bay Pointe's choice of liability prior to shipping.

COUNT ONE
(CLAIM UNDER THE CARMACK AMENDMENT)

24. Bay Pointe incorporates the preceding paragraphs of this Complaint as if fully rewritten herein.

25. Under the Carmack Amendment, a motor carrier is responsible for the actual loss or injury to the transported property resulting from the transportation of the property in interstate commerce. The Carmack Amendment imposes a duty in absolute or strict liability upon a motor carrier (i.e., YRC) transporting cargo in interstate commerce for actual loss of property in its custody or care. Under such strict liability, a shipper (i.e., Bay Pointe) is entitled to recover

6

damages from the motor carrier (i.e., YRC) for the full value of a lost shipment under a bill of lading.

26. YRC is a motor carrier "providing commercial motor vehicle transportation for compensation." 49 U.S.C. § 13102(14). YRC is a motor carrier or carrier under the Carmack Amendment.

27. Based on the two applicable Bills of Lading and the Delivery Receipts, Bay Pointe was the shipper under the Carmack Amendment for the two Shipments. Bay Pointe also had title to the Computer Products while YRC transported them from Portsmouth, New Hampshire to the YRC Richfield Facility where YRC negligently released the two Shipments of Computer Products to Mr. Amos and his company.

28. YRC transported and delivered the Computer Products from Portsmouth, New Hampshire across state lines to the YRC Richfield Facility in Ohio. YRC transported the Computer Products in interstate commerce.

29. Origin Micro delivered the Computer Goods in good condition to YRC, the carrier, in Portsmouth, New Hampshire.

30. YRC did not deliver the Computer Products to AK Steel or Bay Pointe. Neither AK Steel nor Bay Pointe ever received the Computer Products. Instead, YRC wrongfully and negligently released the Shipments of Computer Products to an unauthorized third party not named on the Bills of Lading, allegedly named Zachary Tyler Amos Sr. and who claimed to be from the Your Top Choice Movers Company.

31. The Computer Products are lost and remain lost as of the filing of this Complaint.

32. YRC admits liability under the Carmack Amendment for losing the two Shipments of Computer Products. *See* Ex. F. Even if it did not admit liability, as alleged above, YRC was negligent in and liable for losing the two Shipments of Computer Products.

33. In addition, YRC cannot establish that it was both free from negligence and the loss of the Computer Products was due to one of the following excepted causes that would relieve YRC of liability: (a) act of God; (b) public enemy; (c) act of the shipper himself; (d) public authority; or (e) the inherent vice or nature of the goods. YRC is not free from negligence and none of the excepted causes apply.

34. Based on the invoices from Origin Micro to Bay Pointe, the actual cost and value of the Computer Products is $395,871.00. Copies of the invoices are attached as Ex. G. To date, Bay Pointe has paid Origin Micro $320,000.00 of the $395,871.00 for the Computer Products. Bay Pointe remains obligated to pay, and is in fact paying, the outstanding balance and has incurred interest on the outstanding balance. Because of YRC's admitted liability, Bay Pointe has been damaged in the amount of $395,871.00, plus the past and accruing interest.

35. Nevertheless, YRC offered only $35,750.00 based upon purported contractual limitations of liability and an alleged Rules Tariff, neither of which are valid nor enforceable against Bay Pointe.

36. By offering only $35,750.00 rather than the actual loss of the Computer Products ($395,871.00), YRC violated the Carmack Amendment, 28 U.S.C. § 14706(a)(1). This section of the Carmack Amendment states that "[t]he liability imposed under this paragraph is for the actual loss or injury to the property…." 28 U.S.C. § 14706(a)(1).

37. YRC bears the burden to demonstrate that YRC had a written agreement with Bay Pointe to limit its liability in compliance with the Carmack Amendment requirements. YRC's

8

burden of proof includes, among other elements, establishing that YRC: (a) provided Bay Pointe with a fair opportunity to choose between two or more levels of liability; (b) obtained Bay Pointe's written agreement as to its choice of liability; and (c) must issue a receipt or bill of lading reflecting Bay Pointe's choice of liability prior to moving the shipment. YRC cannot establish all three of these elements.

38. First, Bay Pointe did not receive from YRC any opportunity to choose between two or more levels of liability as YRC made no such offer.

39. Second, YRC did not obtain Bay Pointe's written agreement as to its choice of liability. YRC did not offer Bay Pointe a choice of liability, and Bay Pointe did not enter into any written agreement with YRC regarding any level of liability.

40. Third, the Bills of Lading and the Delivery Receipts do not reflect any choice of liability by Bay Pointe prior to shipping. In addition, the Bills of Lading and the Delivery Receipts do not incorporate any contractual liability limitations, quote any Rules Tariff that limit YRC's liability, or reference the YRC's website where the alleged Rules Tariff can be found.

41. Moreover, YRC cannot limit liability by implication. YRC must prove that Bay Pointe had an absolute, deliberate, and well-informed choice of levels of liability. Bay Pointe did not have an absolute, deliberate, and well-informed choice regarding levels of liability.

42. Because YRC has already admitted liability, the only issue in this action is the amount of Bay Pointe's damages. As demonstrated above, YRC did not limit its liability in any way or manner under the Carmack Amendment. Therefore, Bay Pointe's damages and entitlement to recovery from YRC are $395,871.00, plus the past and accruing interest, pre-judgment and post-judgment interest, and costs.

WHEREFORE, because of YRC's negligence in losing the Computer Products and pursuant to the Carmack Amendment, Bay Pointe requests that this Court enter judgment in its favor and against YRC for $395,871.00 and the past and accruing interest in damages, pre-judgment and post-judgment interest, costs, and for such other and additional legal and equitable relief as the Court may deem just.

JURY DEMAND

Plaintiff Bay Pointe Technology, Ltd. hereby demands trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Theodore M. Dunn*
THEODORE M. DUNN (0024195)
dunn@buckleyking.com
BRIAN E. ROOF (0071451)
roof@buckleyking.com
BUCKLEY KING LPA
1400 Fifth Third Center
600 Superior Avenue, East
Cleveland, OH  44114-2652
(216) 363-1400
(216) 579-1020 (*facsimile*)
Attorneys for Plaintiff Bay Pointe Technology, Inc.